UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDRE LEBEAU | * | CIVIL ACTION |
| VERSUS | * | NO. 26-322 |
| ALL CHEMICAL TRANSPORT CORP., ET AL. | * | SECTION "D" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Andre LeBeau's Motion for Sanctions and/or to Compel Deposition of Defendant Shawn Handy. ECF No. 41. Defendants All Chemical Transport and Shawn Handy timely filed an Opposition Memorandum. ECF No. 44. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

Plaintiff Andre LeBeau filed suit alleging personal injuries sustained after Defendant Handy merged his employer All Chemical Transport's 2018 Mack truck tanker into Plaintiff's UPS delivery truck on I-10. ECF No. 4-1 ¶¶ 6 & 9. Defendants removed the case, which is now scheduled for trial on August 30, 2027 with a discovery deadline of June 18, 2027. ECF No. 46. Plaintiff could not locate Handy for service, but his counsel waived formal service in accordance with Rule 4. ECF No. 35.

On August 18, 2026, Plaintiff issued a Notice of Deposition directed to Defendant Handy, scheduling the deposition for 10:30 a.m. on September 1, 2026, via zoom. ECF No. 41-7, at 2–3.

On August 31, 2026, he issued a Re-Notice of Deposition, scheduling the deposition to begin at 9:30 a.m. on September 1, 2026, via zoom. *Id.* at 5–6. Defense counsel notified Plaintiff's counsel that they were not able to get in touch with Handy, and the night before the deposition, advised that he would likely not appear. ECF No. 41-9.

At 9:35 a.m. on September 1, 2026, Plaintiff's counsel proceeded with the proces verbal, which concluded at 9:42 a.m. ECF No. 41-10, at 1, 10. Counsel for both Plaintiff and Defendants made statements regarding the non-appearance. Defense counsel noted that, despite efforts to contact Handy by email, phone, and certified mail, she had not received any response from him and thus did not know whether Handy had actual notice of the date, time, and location of the original deposition, or the re-noticed earlier deposition time. *Id.* at 7.

Plaintiff seeks sanctions for the non-appearance, specifically a finding that Handy is at fault and striking any affirmative defense asserting Plaintiff's fault, or alternatively, an order compelling Handy to appear for deposition. ECF No. 41-1, at 4–5. In Opposition, Defendant argues that Handy's failure to appear does not warrant sanctions as counsel explained her difficulties communicating with Handy, attempts to notify Handy of Plaintiff's unilaterally set deposition, and updates to Plaintiff's counsel regarding her inability to reach Handy including prompt notice that Handy was not expected to appear. ECF No. 44, at 2–4. Defendant argues that a court order compelling Handy to appear is the appropriate remedy, particularly in light of the last-minute time change of the noticed deposition. *Id.* at 5–11.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure require a party seeking to depose another party to give written reasonable notice, which "must state the time and place of the deposition and, if

known, the deponent's name and address."[1] Courts generally hold that "any timeframe less than 14 days is likely unreasonable."[2] Indeed, amendments to Rule 45 proposed in the 2025 cycle would make clear that "reasonable notice" requires at least 14 days.[3] And while the Federal Rules of Civil Procedure specifically provide for the taking of depositions by telephone or other remote means,[4] a party may not unilaterally choose to hold a remote deposition; there must be consent or a court order.[5]

Federal Rule of Civil Procedure 37(d) permits a court to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition" including payment of "reasonable expenses including attorneys' fees caused by the failure" unless it was "substantially justified" or an award of expenses would be unjust.[6] A party "may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear."[7] In any event, were sanctions applicable, an award of fees and expenses incurred because of the failure to appear is appropriate as the least restrictive sanction.[8]

## III. ANALYSIS

Plaintiff does not cite any court order authorizing a zoom deposition, nor does he indicate that Defendants agreed to same. As such, Plaintiff's Notice of Deposition and Re-Notice of Deposition scheduling a zoom deposition are facially invalid. Further, Plaintiff's Re-Notice issued

[1] FED. R. CIV. P. 30(b)(1).
[2] *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 9, 2015).
[3] *See* Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, at 57–59, available at https://www.uscourts.gov/records-rules-committees/preliminary-drafts-proposed-rule-amendments.
[4] FED. R. CIV. P. 30(b)(4).
[5] *Id.*; *see also Thompson v. McDonough*, No. 23-499, 2024 WL 4381250, at *2 (N.D. Okla. Oct. 3, 2024). Rule 30(b)(4) does not specify the considerations in determining whether to grant a request for a remote deposition, and thus, the decision is left to the discretion of the Court, which must balance claims of prejudice and those of hardship, carefully weighing all of the relevant facts. *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020).
[6] FED. R. CIV. P. 37(d).
[7] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592 (S.D. Tex. 2011) (citation modified).
[8] *Omega Hosp., LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 323 (E.D. La. 2015).

the day before the deposition was insufficient to provide adequate notice of the new time, and the proces verbal was completed at 9:42 a.m., which was almost an hour before the original 10:30 a.m. scheduled time.

Of course, the proper course of action for a defendant aggrieved by an improper deposition notice or who is unable to appear as noticed is to file a motion to quash or seek a protective order under Rule 26(c), not simply to defy the notice and fail to appear. And although the court may issue sanctions if a party fails, after being served with proper notice, to appear for that deposition,[9] the Court declines to issue sanctions given the re-scheduling issue and the zoom setting absent consent or court order.

The Court will, however, order Defendant Handy to appear for deposition. Defense counsel's inability to reach Handy will not excuse his appearance as same cannot be allowed to disrupt the proper course of this proceeding or deprive the opposing party from conducting any necessary discovery. Within the next 14 days, Handy must provide a list of available dates over the next 60 days. Plaintiff may then re-issue a proper Notice of Deposition on one of the available dates. Should Handy fail to provide a list of available dates within the next 14 days, Plaintiff is free to notice his deposition on a date convenient to him and re-issue a Notice of Deposition that provides Handy with at least 14 days' notice. If Handy does not obey this Order and appear for a deposition by December 14, 2026, appropriate sanctions under Rule 37(d) (i.e., striking defenses, deeming facts established and/or entry of default judgment) may be ordered.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

[9] FED. R. CIV. P. 37(d)(1)(A).

IT IS ORDERED that Plaintiff's Motion for Sanctions and/or to Compel Deposition of Defendant Shawn Handy (ECF No. 41) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 14th day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE